[No. 25910. *En Banc.* January 6, 1936.]

CARLISLE LUMBER COMPANY, *Respondent*, v. H. H. HENNEFORD *et al.*, *Appellants.*[1]

*The Attorney General* and *R. G. Sharpe, Assistant*, for appellants.
*Theodore B. Bruener*, for respondent.

MAIN, J.—The plaintiff brought this action to restrain the defendants, as members of the state tax commission, from assessing its logging railroad under chapter 123, Laws of 1935, p. 356, Rem. 1935 Sup., § 11156-1 [P. C. § 7088-31] *et seq.* The trial resulted in a judgment as prayed for in the complaint, from which the defendants appeal.

The respondent is a corporation organized under the laws of this state, and owns a logging railroad which is operated wholly within the limits of Lewis county and for the sole purpose of hauling its own logs.

In the case of *Weyerhaeuser Timber Co. v. Henneford, ante* p. 46, 53 P. (2d) 308, it was held that a logging railroad, operated solely and exclusively for the benefit of its owners, which extended into more than one county and was therefore inter-county, was not taxable under chapter 123 of the Laws of 1935.

In the case of *Northwestern Improvement Co. v. Henneford,* 184 Wash. 502, 51 P. (2d) 1083, it was held that an electric light and power system, situated wholly within the confines of one county, was not assessable by the state tax commission, under the act above mentioned.

The holding in those cases controls the disposition of this case. The judgment will be affirmed.

MILLARD, C. J., MITCHELL, HOLCOMB, STEINERT, GERAGHTY, BEALS, and TOLMAN, JJ., concur.

BLAKE, J. (dissenting)—I dissent for reasons stated in my dissent in the case of *Northwestern Improvement Co. v. Henneford,* 184 Wash. 502, 51 P. (2d) 1083.

[1]Reported in 53 P. (2d) 311.